UNITED STATES DISTRICT COUR
SOUTHERN DISTRICT OF NEW YORK

**'11 CIV 8602**

-------------------------------------------------------x

JOANN CORSO,

Civil Action No. _____

              Plaintiff,

    -against-

**COMPLAINT**

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION and BRIAN FISCHER, in his
official capacity as Commissioner, Department
of Corrections and Community Supervision,

              Defendants.

-------------------------------------------------------x

    By and through her attorneys, Sussman and Watkins, plaintiff Joann Corso complains of defendants as follows:

## NATURE OF THE ACTION

    1.  This is an action for declaratory and injunctive relief to redress the irreparable injury defendants have caused, and continue to cause, plaintiff Corso by their promulgation and enforcement of an agency regulation and work rule, which, inter alia, prohibits employees from associating in any manner with any current or former inmate or parolee, or such person's visitors, friends or relatives (the "Work Rule" or "Policy").

    2.  Defendant Department of Corrections and Community Supervision's ("DOCCS") promulgation and enforcement of this regulation directly threatens Corso's ability to associate with her own children because they maintains a relationship with Corso' incarcerated ex-husband and one of her daughters is also currently dating a young man recently released from DOCCS custody.

1

3.  DOCCS has denied Corso's request to care for her ex-husband, who has colon cancer, upon his release from DOCCS custody in or about December 2011.

4.  Since the Work Rule unduly burdens Corso's ability to maintain, and otherwise prevents her from maintaining, intimate familial relationships with close relatives and loved-ones without sufficient justification, it violates Corso's constitutional right to freedom of intimate association as guaranteed by the First and Fourteenth Amendments to the United States Constitution.

5.  Moreover, since the Work Rule provides no clear guidance or standards as to its enforcement and, in fact, has been enforced in an arbitrary and capricious manner, the policy is void for vagueness.

6.  Finally, since the Work Rule is virtually limitless in design and application and, accordingly, is likely to chill protected behavior, it is unconstitutionally overbroad.

## JURISDICTION AND VENUE

7.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under the First and Fourteenth Amendments to the United States Constitution and, therefore, involves the resolution of a federal question.  This court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1343(a) and 42 U.S.C. §§ 1983 and 1988 as this action seeks to redress the deprivation of federal civil rights under color of state law.

8.  Venue properly lies within the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because (1) all defendants reside in New York State and defendant DOCCS, which operates, and is subject to personal jurisdiction, throughout the entire state, resides in this district and (2) a substantial number of the events or omissions giving rise to the claims occurred in the County of Orange, State of New York, which is within the jurisdiction of the Southern District of New York.

2

## PARTIES

9.   Plaintiff Joann Corso is a United States citizen of legal age who resides in the Village of Montgomery, County of Orange, State of New York.  At all times herein relevant, Corso was, and continues to be, employed by defendant DOCCS as a corrections officer at the Wallkill Correctional Facility in Wallkill, New York.

10. Defendant DOCCS is an agency of the State of New York responsible for the confinement, habilitation and supervision of the State's criminal offenders, including approximately 100,000 inmates and parolees.  It operates approximately sixty-one facilities throughout the state and employs over 30,000 workers.  It may sue and be sued.

11. Defendant Fischer is the Commissioner of DOCCS and, as such, is responsible for overseeing the agency's operations, promulgating and enforcing rules and regulations and supervising the conduct of the agency's employees.

## FACTUAL ALLEGATIONS

12. Corso resides in the Village of Montgomery, County of Orange, State of New York.

13. Corso has three biological children – 30 year old son, a 23 year old daughter and a 20 year old daughter.  Although Bruno is not the biological father her children, he has known them since they were young and is close with each of them.  All of her children maintain independent relationships with Bruno.

14. Bruno has a 30 year old biological daughter and, although Corso is not her mother, Corso has known her for years and has had a close relationship with her.

15. Corso's three children and Bruno's daughter have maintained a familial relationship among themselves and with Corso and Bruno for years.

16. Corso's 23 year old daughter is currently dating a young man named Douglas Montgomery, who was recently release from DOCCS custody after having been convicted of robbery and serving sentence at Ulster Correctional Facility.

17. Corso is employed by DOCCS as a corrections officer at Wallkill Correctional Facility in Wallkill, New York.

18. DOCCS has promulgated the Work Rule, which is codified in the New York State Administrative Code and is also set forth in DOCCS employee manuals and provides:

> Association with inmates and criminals prohibited.
>
> (a) An employee shall not knowingly engage in any conversation, dealing, transaction, association or relationship with any inmate, former inmate, parolee, former parolee, or visitor, friend, or relative of same or withy any criminal or any other person engaged in unlawful activity in any manner or form which is not necessary or proper for the discharge of the employee's duties.
> (b) An employee shall immediately report to his supervisor any attempt by a person identified in subdivision (a) of this section to engage him in a conversation, dealing, transaction, association or relationship in any manner or form which is not necessary or proper for the discharge of the employee's duties.
> (c) Exceptions to the above restrictions can only be authorized by designated officials of the department.

7 N.Y.C.R.R. § 52.18.

19. When DOCCS hired Corso in 1998, it was aware of her then-marriage to Bruno and did not deny her ability to visit with him until in or about 2008.

20. In 2011, Corso requested an exception to the Work Rule to enable her to legally associate with her ex-husband, Michael Bruno, who is an inmate at Fishkill Correctional Facility and is due to be released in on December 2011.  Specifically, Corso requested permission to allow Bruno, who has colon cancer, to live at her home upon his release so that she could care for him.

21. Corso also requested permission to associate with her daughter's boyfriend, Douglas Montgomery, who was recently released from Ulster Correctional Facility and is serving five years of post-release supervision.

22. Both requests were denied, although Corso was granted permission to communicate with Bruno via "correspondence."

23. After these denials, Corso contacted New York State Assemblywoman Nancy Calhoun for assistance.

24. Calhoun contacted DOCCS on Corso's behalf asking for a further review of Corso's requests.

25. By letter dated September 29, 2011, DOCCS' Executive Deputy Commissioner Anthony J. Annucci responded to Calhoun by affirming the decisions to deny Corso's requests.

26. As a result of DOCCS's denial of Corso's requests, Corso may be disciplined, up to and including being terminated, has she any contact with Bruno or Montgomery.

27. Further, since Corso's children maintain independent relationships with both Bruno, and one of her daughters maintains an independent relationship with Montgomery, Corso may be disciplined under the Work Rule for associating with her children.

28. Corso has commenced this action, alleging that the Work Rule is unconstitutional on several grounds and seeks enjoinment of the Work Rule so that she may maintain off-duty relationships with her daughter, ex-husband and daughter's boyfriend (and potentially her prospective son-in-law) without fear of discipline or termination from employment.

29. Although DOCCS has not formally denied a request for permission or otherwise enforced the Work Rule against Corso with respect to her relationship with her daughter, that relationship

violates the Work Rule and, thus, Corso is constantly subject to discipline, up to and including termination, for associating in any manner with her own biological children.

30. Accordingly, Corso is, and will continue to be, irreparably harmed if a temporary restraining order and preliminary injunction are not granted enjoining DOCCS's enforcement of the Work Rule against her. Such irreparably injury may not be otherwise prevented or compensated by monetary damages.

31. Moreover, the merits of this action will not be decided before Bruno's imminent release in or about December 2011 and, thus, Corso will be irreparably harmed if a temporary restraining order and preliminary injunction are not granted enjoining DOCCS's enforcement of the Work Rule against her so that she may allow Bruno to reside with her and care for him upon his release. Such irreparably injury may not be otherwise prevented or compensated by monetary damages.

### CLAIMS FOR RELIEF

### COUNT I
**Freedom of Intimate Association**
**U.S. Const., Amend. I & XIV; 42 U.S.C. § 1983**

32. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 31 above.

33. The Due Process Clause of the Fourteenth Amendment to the United States Constitution, by its own terms and as applying to the states the protections guaranteed by the First Amendment, prohibits the government from infringing upon or burdening the right of individuals to enter into and maintain intimate relationships, including, in particular, familial relationships.

34. Violations of these protections are actionable under 42. U.S.C. § 1983.

35. The Work Rule is a New York State regulation, promulgated and enforced by defendants DOCCS and Fischer.

36. By its terms and through its enforcement against Corso, the Work Rule has prevented, and, if not enjoined shall continue to prevent, Corso from associating with her sick ex-husband and with her daughter's boyfriend.  Moreover, since Corso's daughter maintains relationships with both of these individuals, Corso's association with her own daughter constitutes a technical violation of the Work Rule for which Corso may disciplined, up to and including being terminated.

37. Since the Work Rule affects Corso's off-duty, private relationships with close family members, which relationships have not affected and will not affect her on-duty performance or the integrity of prison security, the Work Rule is neither narrowly tailored to achieve a compelling state interest nor substantially related to an important governmental interests nor reasonably related to a legitimate governmental interest.

38. Since the Work Rule unduly burdens Corso's ability to maintain, and otherwise prevents her from maintaining, intimate familial relationships with close relatives and loved-ones without sufficient justification, the Policy violates Corso's right to freedom of association and, therefore, is unconstitutional as applied to Corso.

## COUNT II
### Vagueness
### U.S. Const., Amend. XIV; 42 U.S.C. § 1983

39. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 38 above.

40. Under the Due Process Clause of the Fourteenth Amendment to the United State Constitution, a law or regulation must be drafted with sufficient clarity so as to give persons of

7

ordinary intelligence a reasonable opportunity to know what is proscribed and to provide explicit standards for those who apply the law or regulation.

41. A law or regulation that does not meet these standards is void for vagueness and may be challenged as such by an action under 42 U.S.C. § 1983.

42. By its terms, the Work Rule, in part, requires self-enforcement by DOCCS employees, see 7 N.Y.C.R.R. § 52.18(b), a factor that necessarily results in many forbidden relationships going unreported and, thus, the Work Rule unenforced as against employees maintaining such relationship.

43. By its terms, the Work Rule allows exceptions to its provision only as authorized by certain DOCCS officials, see 7 N.Y.C.R.R. § 52.18(c); however, it provides no standards or guidance as to how or why such exceptions should or should not be made and no written guidance exist governing how this discretion is to be exercised in deciding whether to enforce the Work Rule or grant an exception.

44. In practice, DOCCS has enforced the Work Rule in an arbitrary and capricious manner as demonstrated, *inter alia,* by the fact it denied Corso the exceptions described in this Complaint yet, upon information and belief, as an exception under the Work Rule, it recently permitted a male corrections officer to continue an intimate relationship with a former female inmate, which relationship commenced while the inmate was still incarcerated.

45. Since the Work Rule provides no clear guidance or standards as to its enforcement and, in fact, as a result, has been enforced in an arbitrary and capricious manner, the Policy is void for vagueness and must be struck down as unconstitutional.

## COUNT III
### Overbreadth
### U.S. Const., Amend. XIV; 42 U.S.C. § 1983

46. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 45 above.

47. The Due Process Clause of the Fourteenth Amendment to the United States Constitution, by its own terms and as applying to the states the protections guaranteed by the First Amendment, requires that a law or regulation not be so overbroad as to sweep within its prohibitions constitutionally protected conduct.

48. A law or regulation that it is so overbroad that it would chill constitutional conduct is unconstitutional on its face and may be challenged as such by an action under 42 U.S.C. § 1983.

49. Since the Work Rule, by its terms and as set forth in this Complaint, is virtually limitless in design and application and, accordingly, is likely to chill protected behavior, it is unconstitutionally overbroad.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A.  Assume jurisdiction of this action;

B.  Empanel a jury to hear all claims triable thereto;

C.  Adjudge and declare that the DOCCS Work Rule, and any DOCCS policy or practice derived therefrom, violates Corso's constitutional right to freedom of intimate association and, therefore, is unconstitutional;

D.  Adjudge and declare that the Work Rule, and any DOCCS policy or practice derived therefrom, is void for vagueness and, therefore, unconstitutional;

9

E.  Adjudge and declare that the Work Rule, and any DOCCS policy or practice derived therefrom, is unconstitutionally overbroad;

F.  Preliminarily and permanently enjoin defendants from enforcing the Work Rule;

G.  Enter a temporary restraining order enjoining defendants, during the pendency of this action, from enforcing any rule or regulation against plaintiff Corso that would prohibit her from associating with her ex-husband, Michael Bruno, her daughter's boyfriend, Douglas Montgomery, her three children or Bruno's daughter and from disciplining her in any manner for maintaining any such relationship or for allowing her ex-husband, Michael Bruno, to reside with her upon his release from DOCCS custody in on or about December 2011

H.  Award plaintiff Corso the costs of this suit, including reasonable attorney's fees and litigation expenses, in accordance with 42 U.S.C. § 1988; and

I.  Award plaintiff such other and further relief as the Court deems just and proper.

Dated: November 23, 2011
Goshen, New York

Respectfully submitted,

SUSSMAN AND WATKINS

By: _____
Michael H. Sussman, Esq. (3497)
*Counsel for Plaintiff*
55 Main Street, Suite 6
P.O. Box 1005
Goshen, NY 10924
(845) 294-3991